UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-2463-AG (KK)** | Date: | May 10, 2016 |
| Title: | ***Layvonta Irvin v. Warden*** | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:   Order Granting Motion for Stay Pursuant to <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003), Dkt. 6**

I.
BACKGROUND

On April 1, 2016, California State Prison, Los Angeles County inmate Layvonta Irvin ("Petitioner") constructively filed[1] a pro se Petition for Writ of Habeas Corpus ("Petition") pursuant to Title 28 of the United States Code, section 2254.  See Dkt. 1, Pet.  Petitioner challenged his 2013 conviction in the Los Angeles County Superior Court for mayhem in violation of California Penal Code section 203.  Id. at 2.  The Petition set forth five grounds for habeas relief: (1) ineffective assistance of trial counsel ("Claim One"); (2) police misconduct initiated and/or partially provoked the conduct which brought about the allegations ultimately filed against Petitioner ("Claim Two"); (3) insufficient evidence ("Claim Three"); (4) erroneous denial of Petitioner's Section 1118 motion ("Claim Four"); and (5) denial of Petitioner's right to a fair trial ("Claim Five").  See id.  Petitioner acknowledged Claims One,

---

[1] Under the "prison mailbox rule," when a pro se prisoner gives prison authorities a document to mail to a court, the court deems the document to be constructively filed on the date it is signed.  See Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).  Here, Petitioner signed the Petition on April 1, 2016, see ECF Docket No. ("Dkt.") 1, Pet. at 8, so the Court deems the Petition filed on that date.

Two, Four, and Five are pending before the California Supreme Court for the first time.  See id. at 5-7.  Therefore, the Petition appeared subject to dismissal because, as indicated in the Petition, Petitioner has not exhausted his state remedies with respect to Claims One, Two, Four, and Five.

Accordingly, on April 14, 2016 the Court issued an Order to Show Cause Why This Action Should Not Be Dismissed For Failure To Exhaust.  See Dkt. 4, Order.  On April 27, 2016, Petitioner constructively filed a Motion for a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) ("Kelly Stay") and attached a First Amended Petition ("FAP") raising only Claim Three.  Dkt. 6, Motion for Kelly Stay.

## II.
## DISCUSSION

The Court now finds it is appropriate to impose a Kelly stay.  The Court stays and holds in abeyance the fully exhausted FAP (containing only Claim Three), and allows Petitioner the opportunity to exhaust the deleted Claims One, Two, Four, and Five in state court.

Petitioner is cautioned, however, that while a Kelly stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act.  28 U.S.C. § 2244(d)(1).  "A petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely."  King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009).  After expiration of the limitation period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'" Id. at 1141 (internal citations omitted).

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

**III.**
**ORDER**

Accordingly, IT IS ORDERED:

1.  A <u>Kelly</u> stay is GRANTED.  This action -- now containing only the exhausted Claim Three -- is hereby stayed pending exhaustion of Petitioner's state court remedies on other grounds and/or further order of this Court.

2.  Beginning August 8, 2016, and every ninety (90) days thereafter, Petitioner shall file a "Status Report" with the Court, addressing the status of Petitioner's exhaustion efforts in state court.  Petitioner must provide the case number of the pending state court proceedings, if available.  Respondent may file a status report within fourteen (14) days following Petitioner's filing, if Respondent wishes to advise the Court of any developments not reported by Petitioner.

3.  Within thirty (30) days after any decision by the state court on Petitioner's habeas petition, Petitioner shall advise this Court of the decision.  Further, if Petitioner abandons his efforts to exhaust his state court remedies, he shall immediately advise this Court.

4.  Petitioner is cautioned that if he fails to act diligently in seeking to exhaust his state court remedies or fails to act within the time frames discussed above, the Court may vacate the stay and prohibit Petitioner from raising any new claims in this action.

    **IT IS SO ORDERED.**